**Rule 5.50.    Settlement of Small Estates by Petition.**

(a)    **Applicability.**  This Rule applies to all petitions filed pursuant to 20 Pa.C.S. § 3102, pertaining to settlement of small estates by petition.

(b)    **Contents.**  In addition to the requirements provided by the Rules in Chapter III, a petition shall set forth the following:

   (1)    **Estate.**

   (i)    the name and address of each petitioner and the petitioner's relationship to the decedent;

   (ii)    the decedent's name, date of death, and domicile at the time of death;

   (iii)    a statement whether the decedent died testate or intestate and, if testate**[,]:**

      **(A)**    that the original will **[is attached,]** **has been lodged or probated with the Register;** or

      **(B)**    that the original will cannot be produced, the reason it cannot be produced**[, and that a photocopy of the original will is attached]** **and that the Register issued a decree accepting the photocopy as an original**;

   (iv)    the name and address of each testate or intestate beneficiary, and if any such beneficiary is a minor or otherwise incapacitated, the name and address of such beneficiary's legal representative, as applicable; and

   (v)    whether a claim for family exemption is included, and if the claimant is not the surviving spouse, the relationship of the claimant to the decedent, and a statement that the claimant resided with the decedent at the date of death and if the claimant is the surviving spouse, that he or she has not forfeited the right to claim the family exemption.

   (2)    **Assets.**  All assets of decedent's estate, other than real estate and property distributable under 20 Pa.C.S. § 3101, and the value of each asset.

(3) **Liabilities.**

    (i) **[the] The** names and addresses of all known creditors, total amounts claimed by each, whether the debts have been satisfied, and an itemized list of all debts, including whether or not admitted, a description of the property claimed and the gross value thereof, and whether there is any objection to the debt, and if so, by whom;

    (ii) an itemized list of unpaid administrative expenses, unpaid taxes, all other unpaid debts, and, if insolvent, as prioritized under 20 Pa.C.S. § 3392; and

    (iii) if the decedent was 55 years of age or older at the time of death, whether a request for a statement of claim was sent to the Department of Human Services in accordance with 62 P.S. § 1412, the date the request was made, and the response received from the Department.

(4) **Distribution.**

    (i) **[the] The** name of any distributee paid prior to the filing of the petition, including the nature and amount of each payment;

    (ii) the name of each proposed distributee and respective proposed distribution;

    (iii) the name of each interested person who has consented to or joined in the petition; and

    (iv) the names of each testate or intestate beneficiary, as applicable, who has not consented to or joined in the petition.

(5) **Taxes.** A statement that a Pennsylvania inheritance tax return has been filed, that all taxes due on the assets listed on the petition have been paid in full, and that proof of such payment is attached to the petition, or the reason why **the filing has not been made or** payment has not occurred.

(c) **Exhibits.** The following items shall be attached as exhibits to the petition in the following order:

(1)     an original death certificate;

(2)     **[the decedent's will, if any] <u>a photocopy of the decedent's will along with either:</u>**

      **<u>(i)      proof the original will was lodged or probated with the Register; or</u>**

      **<u>(ii)     a decree of the Register accepting a photocopy as the original.</u>**

(3)     **[Pennsylvania Department of Revenue Notice of Appraisement and Assessment of Tax] <u>documentation supporting the statement required by subdivision (b)(5), if any</u>**;

(4)     original consents, joinders, and statements of no objection signed by interested parties; and

(5)     a copy of any correspondence received from the Department of Human Services in response to the statement of claim referenced in **[subparagraph] <u>subdivision</u>** (b)(3)(iii).

(d)     **Notice.**  The petitioner shall serve written notice on interested parties in compliance with **[Chapter III] <u>Pa.R.O.C.P. 3.5(b)</u>**.

**[Explanatory] Comment:  <u>If the petitioner does not have the original will, he or she must petition the Register for a decree accepting a photocopy of the will as the original.  The decree by the Register establishes the validity of the copy of the will and is not intended to initiate probate.</u>**

20 Pa.C.S. § 3101, referenced in **[paragraph] <u>subdivision</u>** (b)(2), sets forth certain allowable payments to the decedent's family members, and to a licensed funeral director for the decedent's burial expenses. Property payable under 20 Pa.C.S. § 3101 shall not be included when determining whether the decedent's personal property exceeds a gross value **<u>of</u>** $50,000.

In **[paragraph] <u>subdivision</u>** (b)(3), the term "creditors" includes creditors of the decedent on the date of death, providers of funeral services, and providers of goods and services to the petitioner arising from settlement of the estate.

The Medical Assistance Estate Recovery Program, established by federal law, requires the Commonwealth to recover the Medical Assistance costs from decedents' estates. *See* 42 U.S.C. § 1396p; 62 P.S. § 1412.

**Examples of documentation required by subdivision (c)(3) include, but are not limited to, a copy of the Pennsylvania Department of Revenue Notice of Appraisement and Assessment of Tax, the filed inheritance tax return together with proof of payment of the inheritance tax, or a statement from the Department of Revenue or its agent that no tax is due.**

The filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*. *See* **[Rule]** <u>**Pa.R.O.C.P.**</u> 1.99.